**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-00531-NYW

LUIS ALFREDO CHAVELAS ROSAS,

    Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
ROBERT HAGAN, in his official capacity
TODD M. LYONS, in his official capacity,
KRISTI NOEM, in her official capacity, and
PAMELA JO BONDI, in her official capacity,

    Respondents.

_____

**ORDER**
_____

This matter is before the Court on the Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (the "Petition"). [Doc. 1]. Petitioner Luis Alfredo Chavelas Rosas ("Petitioner") is a citizen of Mexico who has been present in the United States since 2005. [*Id.* at ¶¶ 1, 3]. He was detained by ICE officers on July 16, 2025, and is currently detained in the GEO Contract Detention Facility in Aurora, Colorado. [*Id.* at ¶¶ 1–2]. Petitioner seeks, among other things, an order directing Respondents to provide him a bond hearing pursuant to 8 U.S.C. § 1226(a). [*Id.* at 20]. He also asks the Court to order that he not be transferred outside of the District of Colorado. [*Id.* at 19].

Upon review of the Petition, the Court concludes that good cause exists to enter an order preserving the Court's jurisdiction over this case pursuant to the Court's inherent

authority to do so.  The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).  The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction.  *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966).  Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it."  *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.  *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Further, upon review of the Petition and Motion for Order, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition, any accompanying papers, and a copy of this Order by e-mail and by overnight mail on or before **February**

**16, 2026**. Petitioner shall promptly file proof of such service on the docket by **February 18, 2026**, and counsel for Respondents shall promptly enter their notices of appearance. Within **seven days of service**, Respondents shall **SHOW CAUSE** why the Petition shall not be granted. *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).  Any reply shall be filed no later than **seven days** after the Response is filed.

Accordingly, it is **ORDERED** that:

(1) Petitioner shall **SERVE** Respondents with a copy of the Petition on or before **February 16, 2026** and shall file proof of service on or before **February 18, 2026**;

(2) Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition should not be granted; and

(3) Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.

DATED: February 11, 2026                     BY THE COURT:

_____
Nina Y. Wang
United States District Judge