**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-00531-NYW

LUIS ALFREDO CHAVELAS ROSAS,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,[1]
TODD M. LYONS, in his official capacity,
KRISTI NOEM, in her official capacity, and
PAMELA JO BONDI, in her official capacity,

      Respondents.

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (the "Petition"). [Doc. 1]. The Petition is fully briefed. [Doc. 8; Doc. 9]. For the below reasons, the Petition is **GRANTED in part**.

**BACKGROUND**

Petitioner Luis Alfredo Chavelas Rosas ("Petitioner") is a citizen of Mexico who has been present in the United States since 2005. [*Id.* at ¶¶ 1, 3]. He was detained by ICE officers on July 16, 2025, and is currently detained in the GEO Contract Detention Facility in Aurora, Colorado. [*Id.* at ¶¶ 1–2]. He has not been given a bond hearing. [*Id.* at ¶ 10].

The Government purports to detain Petitioner under 8 U.S.C. § 1225(b). *See* [*id.*

---

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez is automatically substituted into this case for Robert Hagan as the acting Field Office Director of the Aurora Field Office.

at ¶ 1; Doc. 8 at 2]. Petitioner disputes the Government's interpretation of § 1225(b) and contends that he is actually detained under 8 U.S.C. § 1226(a), which would entitle him to a bond hearing. [Doc. 1 at ¶ 23].

The Petition was filed on February 10, 2026 and asserts four claims for relief: (1) one count asserting a violation of the Immigration and Nationality Act and asserting a "[r]equest for [r]elief [p]ursuant to" the final judgment entered in *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), [Doc. 1 at ¶¶ 74–78]; (2) one count asserting a violation of the Immigration and Nationality Act based on Petitioner's continued detention without a bond hearing, [*id.* at ¶¶ 79–82]; (3) one count alleging a violation of bond regulations in the Code of Federal Regulations, [*id.* at ¶¶ 83–85]; and (4) one count asserting a violation of Petitioner's Fifth Amendment due process rights, [*id.* at ¶¶ 86–94].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

**LEGAL STANDARD**

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484

(1973).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Petitioner's claims primarily turn on whether Respondents may detain him pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond hearing under § 1226(a). The Court summarizes the statutory framework before turning to Petitioner's claims.

## I.    Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal.  *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).  Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'"  *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303).  This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here.  *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)).  Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme."  *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)).  Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission."  *Jennings*, 583 U.S. at 297.  This section provides, in relevant part, that "in the case of an

3

alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings.   8 U.S.C. § 1225(b)(2)(A) (emphasis added).[2]  Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing."  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II.     Application to Petitioner's Statutory Claim

The Court's analysis begins with Count Two, the statutory claim.  Respondents argue that § 1225(b)(2)(A) applies and requires Petitioner's detention, so he is not entitled to a bond hearing.  *See* [Doc. 8 at 1–2].  But Respondents concede that the issue presented in this case "is not materially different from [the] issue this Court has resolved" in prior rulings and acknowledge that "this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision."  [*Id.* at 2–3].

---

[2] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum."  *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution").  Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 8 at 3], so the Court does not substantively address detention under this subsection.

Indeed, this Court has already rejected Respondents' position. *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *5 (D. Colo. Oct. 22, 2025) ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" (collecting cases)).[3]  In *Loa Caballero*, this Court reviewed a similar habeas petition filed by a noncitizen who had resided in the United States for nearly 20 years before he was detained by ICE. *See id.* at *1.  Like Petitioner here, the Government did not provide the petitioner in *Loa Caballero* with a bond hearing because it asserted that § 1225 mandated his detention. *See id.*  The Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country. *Id.* at *6.  "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.*  Thus, noncitizens who are merely "present"—and have been for "years upon years" without obtaining legal status—are not "seeking admission" under § 1225(b)(2)(A). *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)). Interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would

---

[3] In addition to this Court's ruling in *Loa Caballero*, a majority of other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens similarly situated to Petitioner, who have been present in the country for some time and are not actively "seeking admission." *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Garcia Abanil v. Baltazar*, No. 25-cv-04029-WJM-STV, 2026 WL 100587 (D. Colo. Jan. 14, 2026) (Martinez, J.).

render the "seeking admission" language superfluous. *Id.* at *7. The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225. *See id.* at *5–8. The Court has since reaffirmed its ruling in *Loa Caballero* in several other similar habeas cases. *See, e.g.*, *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026); *Bautista v. Noem*, No. 26-cv-00272-NYW, 2026 WL 532427, at *4 (D. Colo. Feb. 26, 2026).

Accordingly, consistent with the Court's prior rulings and the weight of authority in this District, the Court concludes that § 1225(b)(2)(A) does not authorize Petitioner's detention. The "default rule" of discretionary detention under § 1226(a) therefore applies. *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7. And because Respondents not provided Petitioner the required bond hearing, Petitioner's continued detention without a bond hearing violates § 1226(a).

The Court will thus grant the Petition as to Count Two and will order that Respondents provide Petitioner with the statutorily required bond hearing. Because this ruling grants all of the relief requested by Petitioner that the Court will grant, it does not reach his remaining claims.[4] *See Briales-Zuniga*, 2026 WL 35227, at *4.

---

[4] To the extent Petitioner seeks attorney's fees, this District's Local Rules require that those requests be made by separate motion. *See* D.C.COLO.LCivR 54.3. And insofar as Petitioner asks the Court to "[d]eclare that Petitioner is a member of the Bond-Eligible Class certified in *Maldonado Bautista*," [Doc. 1 at 19], he does not explain why such a declaration would provide any relief separate from the relief this Court has already independently granted. *Cf.* [Doc. 9 at 11 (Petitioner arguing that he "is a class member under [*Maldonado Bautista*] and therefore should be granted a bond hearing" and that "Petitioner is clearly a class-member represented in this Bond Eligible Class that is eligible for bond" (emphasis omitted))]; *see also Hernandez Hernandez v. Noem*, No. 25-cv-03983-NRN, 2026 WL 621333, at *2 n.1 (D. Colo. Mar. 5, 2026) ("Because the Court grants the Petition based on the statutory interpretation of §§ 1225(b) and 1226(a), it need

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Doc. 1] is **GRANTED in part**;

(2)    Respondents shall provide Petitioner a bond hearing no later than **March 19, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

(3)    On or before **March 26, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and

(4)    Petitioner's Motion to Request Decision on Pending Petition for Writ of Habeas Corpus in the Interests of Justice [Doc. 10] is **DENIED as moot**.

DATED:  March 12, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

not reach Petitioner's additional arguments regarding his entitlement to relief as a member of the 'Bond Denial Class' certified in *Maldonado Bautista*.").